IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN E. COVINGTON, | ) |
| Plaintiff, | ) |
| | ) Case No. 15 C 10452 |
| v. | ) |
| | ) Judge John Robert Blakey |
| NATIONAL UNIVERSITY, et al., , | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

Plaintiff John E. Covington has sued National University, its president (Dr. Michael Cunningham), the manager of its financial aid help desk (Johnny Lopez), and the assistant director of financial aid (Ashlie MacDonald Greene), alleging that these defendants discriminated against him because of his race and age, and that they violated his right to equal protection of the laws under the Fourteenth Amendment to the United States Constitution. Complaint [1]. Plaintiff alleges that he was accepted into National University's Masters in Public Health program, applied for financial aid and was awarded $14,767. Complaint [1], ¶¶13-14. He alleges that, after he withdrew from two of his classes and identified himself as an African American, the defendants denied him $3,369.00 in tuition aid. *Id.*, ¶¶15, 16, 17. Plaintiff alleges claims under 42 U.S.C. §1983 (Count 1); the Fourteenth Amendment (Count 2); and the Age Discrimination Act of 1975 (Count 3). He seeks to have his financial aid award reinstated and seeks compensatory and punitive damages in the amount of $1 million.

The case is before the Court on initial review and on plaintiff's application for leave to proceed *in forma pauperis* [3]. 28 U.S.C. §1915(a)(1) allows an indigent plaintiff to commence a civil action without prepaying the filing fee. In deciding whether to grant an application to proceed *in forma pauperis (*"IFP"*)*, the Court must determine whether the suit has sufficient merit, and whether the plaintiff has demonstrated a level of poverty such that IFP status is justified. *See* 28 U.S.C. §1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). If a court finds that the suit lacks sufficient merit or that an inadequate showing of poverty exists, the court must deny the *in forma pauperis* application. *Smith–Bey v. Hospital Administrator*, 841 F.2d 751, 757 (7th Cir. 1988).

Here, plaintiff's *in forma pauperis* application discloses no income, no employment and no assets. Based upon this form, plaintiff is clearly impoverished. However, as pled, plaintiff's complaint fails to state a claim for which relief may be granted.

Plaintiff's §1983 and constitutional claims fail because plaintiff has not alleged state action. "The constitutional right to equal protection of the laws, unelaborated by any statute, can be violated only by action involving a State." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 189 (1970). To recover under §1983, a plaintiff must "prove two separate and independent elements: first, that [the defendants] subjected [him] to the deprivation of a right 'secured by the Constitution and laws'; and, second, that while doing so [defendants] acted under color of a [law]." *Adickes,* 398 U.S. at 188-89. *See also Xiong v. Fischer*, 787 F.3d

389, 397 (7th Cir. 2015). Plaintiff's §1983 claim fails because National University is a private, nonprofit institution and plaintiff's allegation that National receives federal funding is not enough to make it a 'state actor" for purposes of §1983. "In general, a plaintiff may not sue a private university under Section 1983." *Hu v. American Bar Association*, 568 F. Supp. 2d 959, 963 (N.D. Ill. 2008)(citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 840 (1982) (holding that private school did not engage in state action despite receipt of public funds and high degree of state regulation); *Slovinec v. DePaul University*, 332 F.3d 1068, 1069 (7th Cir. 2003). "Even 'extensive and detailed regulation' of schools by the State [does] not turn the schools' actions into state conduct." *Hu*, 568 F.Supp.2d at 963 (quoting *Rendell-Baker*, 457 U.S. at 840).

Similarly, plaintiff's claims fails to allege a cause of action against the individual defendants. Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights "under color" of state law. 42 U.S.C. § 1983. "Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." *Filarsky v. Delia*, 132 S. Ct. 1657, 1661 (2012)(quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). Plaintiff's allegations do not implicate state action on the part of the individual defendants and his claims against them may not proceed.

Plaintiff's age discrimination claim also fails, but for a different reason. Plaintiff claims that the defendants violated the Age Discrimination Act of 1975, which prohibits discrimination on the basis of age under any program or activity

that receives federal financial assistance. 42 U.S.C. § 6102. But the Act requires plaintiff to exhaust certain administrative remedies prior to bringing this suit. *See* 42 U.S.C. § 6104(f)("With respect to actions brought for relief based on an alleged violation of the provisions of this chapter, administrative remedies shall be deemed exhausted upon the expiration of 180 days from the filing of an administrative complaint during which time the Federal department or agency makes no finding with regard to the complaint...."). Plaintiff's complaint does not allege compliance with the statute's requirement that he exhaust administrative remedies prior to bringing suit. Accordingly, the Court must dismiss plaintiff's Age Discrimination Act claim without prejudice.

Accordingly, plaintiff's application for leave to proceed *in forma pauperis* [3] is denied at this time and plaintiff's complaint [1] is dismissed without prejudice. Plaintiff is given 21 days from the date of this Order (or until December 16, 2015) to submit an amended complaint, to the extent he is able to do so consistent with his obligations under Rule 11 of the Federal Rules of Civil Procedure.

Date: November 25, 2015

ENTERED:

_____
John Robert Blakey
United States District Judge